George A. Searight v. Commissioner.
Searight v. Commissioner
Docket No. 20546.
United States Tax Court
1950 Tax Ct. Memo LEXIS 108; 9 T.C.M. (CCH) 731; T.C.M. (RIA) 50206; September 6, 1950
*108 1. Respondent's determination that petitioner had an allowable deduction for traveling and entertaining expenses during the calendar year 1945 in the amount of $444.42 is sustained. 2. The amount of charitable and other contributions deductible under section 23 (o), Internal Revenue Code, during the year 1945 determined. Alfred Cerceo, Esq., 110 E St., N. W., Washington, D.C., for the petitioner. William F. Evans, Esq., for the respondent. HILL Memorandum Findings of Fact and Opinion The respondent determined deficiencies in petitioner's income tax for the calendar year 1945 in the amount of $9,060.83. The questions for decision are (1) whether respondent erred in determining that petitioner is entitled to a deduction of $444.42 for traveling and entertaining expenses, instead of $10,301, [1] as claimed, and (2) whether respondent erred in disallowing a deduction of $3,620 for charitable or other contributions provided for under section 23 (o) of the Internal Revenue Code. *109 Certain adjustments to petitioner's income for 1945 are not in issue. Findings of Fact During the year involved petitioner was a resident of Great Neck, New York. His tax return for 1945 was filed with the collector of internal revenue for the second district of New York. During 1945 petitioner was employed by the First Colony Corporation, a commission house located on Wall Street in New York City. That corporation was engaged in trading in various types of securities in over-the-counter operations. During 1945 petitioner was in charge of the trading department of that corporation. Under his employment contract he was to receive compensation in an amount computed upon an agreed percentage of the profits derived by the corporation from its trading business, less certain deductions. In his employment agreement with the corporation some of petitioner's business expenses were to be paid by the corporation. It, in fact, paid approximately $100 per month for such expenses. Petitioner, however, claimed upon his separation from the corporation in July 1946 that it owed him considerably more and made his final demand upon the corporation for one-half of an approximate expense account *110 of $8,000, or $4,000 as the corporation's share. The corporation refused to pay that amount. In a civil suit now pending in the Supreme Court for the County of Nassau, New York, the allegedly unpaid part of such expense is included in the $23,000 which petitioner claims the corporation owes him in settlement of claims arising under his employment with the corporation. In his tax return for the year 1945 petitioner included a schedule of the business expenses as follows: Entertainment of customers to secure and hold business not reimbursed by employer: Lunches approx. $25 per week aver-
age
$1,300.00
Cocktails and refreshments - approx. $20 per week average
1,040.00
Dinners, theatres, ball games, box-
ing matches and other sports -
approx. $150 per month average
1,800.00
Liquor given as gifts locally and to
out-of-town dealers and salesmen,
totalling about 30 cases during
year
1,550.00
Travel expense and other entertain-
ment approx.
650.00
Christmas gifts to dealers, salesmen
and other customers aprpox.
900.00
Trade association dinners and out-
ings
350.00
$7,590.00 He also attached to his return a schedule of charitable and other contributions *111 during the year 1945 as follows: Community Church of Great Neck
$ 650.00
Brick Presbyterian Church, New York
200.00
American Red Cross
350.00
Salvation Army
300.00
U.S.O.
400.00
Greater New York Fund
400.00
Cancer Drive
100.00
Tuberculosis Drive
100.00
Army and Navy Relief
370.00
Miscellaneous Charities (trade organi-
zation drives)
750.00
$3,620.00
In the statement attached to the notice of deficiency respondent, under an explanation of adjustments, stated as follows with respect to the amounts involved: "(d) (e) and (f) - Deductions claimed for contributions, taxes and traveling and entertainment expenses are disallowed in the respective amounts shown below, for lack of substantiation: Dis-
Claimed
Allowed
allowed
Contributions
$3,620.00
None
$3,620.00
Taxes
531.77
$431.77
100.00
Traveling and en-
tertainment ex-
penses
7,590.00
444.42
7,145.58"
During the calendar year 1945 petitioner's traveling and entertaining expenses deductible under section 23 (a) (1) (A) of the Code were in an amount not in excess of $444.42. A reasonable approximation of the amount of charitable and other contributions *112 deductible under section 23 (o) during 1945 is $500. Opinion HILL, Judge: The respondent has determined that petitioner should be allowed a deduction of only $444.42 of the total of $10,301, which he claimed in his amended petition, for traveling and entertaining expenses under section 23 (a) (1) (A) of the Code during the year 1945. The petitioner has not sustained his burden of proving that the respondent's determination was erroneous. Petitioner's proof that he expended the amounts claimed in his amended petition consisted of his testimony, approximately 150 checks placed in evidence at the hearing, and the testimony of the secretary of the corporation during petitioner's employment there. No check stubs, receips of any kind showing the purported generous gifts purchased, or any of the people whom he entertained so lavishly allegedly for business reasons were presented at the hearing. Petitioner's statements were not convincing that he had spent anywhere near the amount claimed for traveling and entertaining. For example, he stated that he was out-of-pocket $600 in cash for two "sets of silver." His testimony with respect to these alleged gifts was as follows: "Q. Haven't *113 you got some bills, any vouchers for anything for all these gifts you bought, anything besides liquor that you gave away? "A. Yes, I gave away other types of gifts which were available at that time, including, as I recall distinctly, a set of silver, two sets of silver. "Q. Did you buy those here? "A. In New York, yes. "Q. Who from? "A. From Dan Mason, a dealer in merchandise of that type at a discount. "Q. Where does he live, here? "A. His business address is 65 Nassau Street. "Q. How big a bill did you run up with him for silver? "A. I paid him cash for whatever it was. "Q. How much? "A. I don't recall now. "Q. $10 or a hundred? "A. No, I would say that for silver during - "Q. You would say, but do you say? "A. During 1945 for silver I paid Dan Mason not less than $600. "Q. Well, do you recall any one item that you bought from him? "A. A set of silver, I didn't see it, I knew approximately what it was from the description. "Q. A set of silver at what price? "A. Around $300 for the set. "Q. Who did you give that to? "A. To a business contact. "Q. Who was it? "A. I don't recall the name now." It is reasonable, we think, that the name *114 of the donee of a $300 gift would be remembered. Especially is this so in view of petitioner's ability during the cross-examination to recall the details concerning entertainment involving much less expenditure. An example of this is disclosed by the following excerpt from the record: "Q. So there is upward of around $787 of checks for one month. I am not going to ask you about all of them, but here is one payable to self for $20, on July 7, 1945. "A. If I could examine the check, I would have a better memory on its use. "Q. Let's see if this is an inadvertence too. "A. That was a check issued for cash. "Q. For cash. "A. For entertainment. "Q. Well now, just why was it put at $20? Was that to get into a show or a dance? What was it? Why should it be just $20? "A. It was for the purpose of entertainment in that approximate amount. "Q. I heard that the first time, but that doesn't give any information. "MR. CERCEO: I object. That is being argumentative. "THE COURT: Overruled. BY MR. EVANS: "Q. How do you explain that? "A. That particular check was issued in the sum of $20, for theatre tickets at the Chapel Theatre in Great Neck to entertain Mr. and Mrs. J. *115 Gentry Dagge, of Philadelphia. "Q. How could you look at that check and tell all that when you didn't tell that the first time? What is on that check to make you know? "A. Everything is recorded on a man's memory that can be revived if he concentrates, and I happen to concentrate." The above is typical of the vagueness, inexactitude and generally unconvincing tone of petitioner's testimony. The checks presented in evidence for the most part were either made out to cash or to "self" and in the present state of the record hardly substantiate petitioner's claims. Neither is the testimony of the secretary of the corporation enough to overcome respondent's determination. After a careful examination of the entire record, therefore, we sustain the respondent's determination that petitioner expended only $444.42 for traveling and entertaining during 1945. This brings us to the question of whether petitioner is entitled to a deduction of $3,620 for charitable and other contributions under section 23 (o) of the Code. Petitioner's evidence as to this issue also is inadequate. First of all petitioner had no receipts and presented no testimony of any of the solicitors of these various *116 contributions which he states were made in cash to sundry organizations, funds or drives during 1945. His explanation for these omissions and the nature of his contributions was that he did not want to be on any mailing lists or bothered by any of the organizations to which he purportedly contributed sums during 1945. In view of the state of the record we believe that the following quotation from Quock Ting v. United States, 140 U.S. 417, 420, is appropriate at this point: "Undoubtedly, as a general rule, positive testimony as to a particular fact, uncontradicted by any one, should control the decision of the court; but that rule admits of many exceptions. There may be such an inherent improbability in the statements of a witness as to induce the court or jury to disregard his evidence, even in the absence of any direct conflicting testimony. He may be contradicted by the facts he states as completely as by direct adverse testimony; and there may be so many omissions in his account of particular transactions, or of his own conduct, as to discredit his whole story. His manner, too, of testifying may give rise to doubts of his sincerity, and create the impression that *117 he is giving a wrong coloring to material facts. All these things may properly be considered in determining the weight which should be given to his statements, although there be no adverse verbal testimony adduced." We do not, however, disregard all of petitioner's testimony since we think the record supports a finding that he made some contributions during the year in question. From all the evidence, therefore, we make as close an approximation as possible, bearing heavily upon the petitioner whose inexactitude is of his own making. Cohan v. Commissioner, 39 Fed. (2d) 540. We therefore have found that $500 is a reasonable approximation of petitioner's expenditures for charitable and other contributions deductible under section 23 (o) of the Code during the calendar year 1945. Decision will be entered under Rule 50. Footnotes
1. In his tax return filed for the calendar year 1945 petitioner took a deduction of $7,590 for traveling and entertaining expenses. However, in an amended petition he claimed that the amount so expended was $10,301.↩